UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Emily Adams, Individually, and on behalf of all other similarly situated consumers, <br><br> Plaintiff, <br><br> vs. <br><br> Resurgent Capital Services. <br><br> Defendant. | Case No.: <br><br><br> CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff, Emily Adams ("Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in New Jersey.

5. Defendant is a corporation doing business in the State of New Jersey, with its corporate headquarters located at 55 Beattie Place, Suite 110, Greenville, South Carolina 29601.

6.  Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

7.  Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them as if set forth specifically herein.

8.  On a date better known by Defendant, Plaintiff obtained a personal loan used for personal, familial, or household purposes.

9.  Also on a date better known by Defendant, Defendant began collecting on said debt.

10. Before ever communicating with the Plaintiff, Defendant placed a trade line on Plaintiff's credit report.

11. Upon viewing the trade line, Plaintiff disputed the trade line to the credit reporting agencies, which duly sent the dispute to the Defendant, as required under the Fair Credit Reporting Act.

12. In response to the dispute received from the credit reporting agencies on behalf of Plaintiff, Defendant sent Plaintiff an initial letter on March 21, 2018, attached hereto as Exhibit A.

13. The letter states:

> Resurgent Capital Services L.P. manages the above referenced account for CACH, LLC and has initiated a review of the inquiry we recently received.
>
> For further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

14. The "inquiry" mentioned refers to the valid dispute by Plaintiff.

15. As this was the initial communication from Defendant, the letter also contained the mandatory notice language required by § 1692g of the FDCPA.

16. As established by the Third Circuit in *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013), the language in the letter conflicts with the 30 day validation notice.

17. On the one hand, Defendant specifically requests of Plaintiff to call concerning "further assistance" regarding the dispute. On the other hand Plaintiff is instructed to communicate with Defendant concerning disputes in writing.

18. Upon information and belief, it is Defendant's intention to induce a call rather than a written dispute given the greater odds of receiving payment while on the phone with the consumer. However, by calling, Plaintiff is unable to invoke his FDCPA mandated disputes rights under 1692g.

19. These two conflicting instructions result in confusion concerning the consumer's rights.

20. Accordingly, the letter violates the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

21. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection letters from Defendant, which, as alleged herein, are in violation of the FDCPA.

22. The class is defined as follows:

> **All consumers within the State of New Jersey that have received collection letters from Defendant on behalf of CACH, LLC substantially similar to Exhibit A sent within one year prior to filing of this complaint.**

23. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

24. Upon information and belief, Defendant has sent hundreds of similar letters to consumer debtors throughout New Jersey, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25. The suits filed by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

26. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

27. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

28. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

29. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

30. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### **Proceeding Via Class Action is Superior and Advisable**

31. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

32. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

33. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

34. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

36. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the

adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

37. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

38. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

39. Plaintiff repeats, realleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

40. Defendant's conduct of taking money from Plaintiff's account without authorization, and representing that it was legally allowed to do so violates 15 USC §§ 1692e, e(10), and 1692g(b) of the FDCPA.

WHEREFORE, Plaintiffs respectfully request that this Court do the following:

    A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

    B. Enter judgment against Defendant for statutory damages;

    C. Award costs and reasonable attorneys' fees;

    D. Grant such other and further relief as may be just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.


Dated:  August 13, 2018
        Clifton, New Jersey

                                        Respectfully Submitted,


                                        /s/ Daniel Zemel, Esq.
                                        Daniel Zemel, Esq.
                                        Nicholas Linker, Esq.
                                        Zemel Law LLC
                                        1373 Broad Street, Suite 203-C
                                        Clifton, New Jersey 07013
                                        T:  862-227-3106
                                        F:  973-282-8603
                                        dz@zemellawllc.com
                                        *Attorney for Plaintiff*

# EXHIBIT A

PO Box 510090
Livonia MI 48151-6090





P83AMM00200329

EMILY ADAMS

Account Number: ************0762
Original Creditor: GE Money Bank
Current Owner: CACH, LLC
Reference ID: ▓▓▓▓2104
Balance: $833.73
Accountholder Name: Emily Adams

March 21, 2018

Dear Emily Adams,

Resurgent Capital Services L.P. manages the above referenced account for CACH, LLC and has initiated a review of the inquiry we recently received.

For further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

**Please read the following important notices as they may affect your rights.**

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing, within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

The law limits how long you can be sued on a debt. Because of the age of your debt, CACH, LLC will not sue you for it. If you do not pay the debt, CACH, LLC may report or continue to report it to the credit reporting agencies as unpaid.



*Hours of Operation*
8:30AM-6PM EST
Monday - Thursday
8:30AM-5PM EST Friday



*Address*
PO Box 10497
Greenville, SC 29603



*Contact Numbers*
Toll Free Phone
1-866-464-1187
Toll Free Fax
1-866-467-0960



*Customer Portal*
Portal.Resurgent.com

8503432-INITIAL-CS



P83AMM00200329003290102F0400